UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRELL TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16CV49 SNLJ |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $4.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will dismiss this action under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against the State of Missouri and the Scott County Detention Center. Plaintiff says that on October 9, 2014, he was arrested without a warrant by a detective with the Scott County Sheriff's Office. He claims that the Scott County Jail Administrator failed to verify that he was arrested pursuant to a valid warrant.

The county prosecutor filed a criminal complaint on October 10, 2014, for robbery. The court appointed a public defender to represent plaintiff, but plaintiff moved to withdraw the appointment. The motion was granted, and plaintiff was left without counsel. Plaintiff argues that the "State of Missouri has failed to protect [his] Constitutional and Civil Rights as a United States citizen."

## Discussion

The State of Missouri is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, plaintiff's claim against the State is frivolous.

Plaintiff's claim against the Scott County Detention Center is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 16th day of March, 2016.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE